**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOHN TONY WHITESELL,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>NYE COUNTY SHERIFF'S OFFICE, et al.,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01209-APG-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* [EFC NO. 1]; MOTION TO AMEND/CORRECT COMPLAINT [ECF NO. 4]; MOTION TO ADD SECOND MAILING ADDRESS [ECF NO. 5]; AND MOTION FOR COPIES [ECF NO. 6] |

Before the Court is pro se plaintiff John Tony Whitesell's application to proceed in forma pauperis ("IFP"), motion to amend/correct complaint, motion to and second mailing address, and motion for copies (ECF Nos. 1, 4, 5, and 6). Whitesell's in forma pauperis application (ECF No. 1) is denied; his motion to amend (ECF No. 4) is denied without prejudice; and his motions to add a second mailing address (ECF No. 5) and motion for copies (ECF No. 6) are granted in part.

**DISCUSSION**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the

entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The failure to attach a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim. *United States v. 3 Parcels in La Plata County*, 919 F. Supp. 1449 (D. Nev. 1995). Local Rule 15-1(a) requires that the moving party, "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to it in such pleading."

Plaintiff Whitesell is incarcerated and has requested the privilege to proceed IFP, but his application is not compliant with the PLRA because he did not attach a certified copy of his trust fund

account statement (or institutional equivalent) from the Tonopah Detention Center ("TDC"). Plaintiff must obtain an updated and certified account statement. Plaintiffs' application to proceed in forma pauperis is denied without prejudice. The Court will give plaintiff 30 days to file an updated application with a certified copy of his trust fund account statement. Since the Court denies plaintiff's IFP application, it does not screen his complaint now.

Plaintiff's motion to amend (ECF No. 4) is denied without prejudice. Plaintiff may refile his motion to amend, but he must attach a copy of his proposed amended complaint so that the Court can screen the amended complaint. The Court will give plaintiff 30 days to file a new motion to amend that includes a copy of the proposed amended complaint so that the Court can screen it (contingent upon plaintiff filing his updated IFP application).

Plaintiff also asks the Court to send his mail regarding this case to two different addresses because he said he is frequently transferred between the TDC and the Nye County Detention Center. Plaintiff also asks the Court to send him a copy of his proposed complaint. (ECF Nos. 5 and 6). The Court grants these motions to the extent that the Court will direct the Clerk of Court to mail plaintiff a copy of the proposed complaint on the docket now (ECF No. 1-1) to plaintiff at the Nye County Detention Center and the TDC. The Court will also direct the Clerk of Court to mail this Order to both addresses as well this time only. If the plaintiff is transferred to a new facility, he must still follow the local rules and update his address.

ACCORDINGLY,

IT IS ORDERED that Whitesell's application to proceed in forma pauperis (ECF No. 1) is DENIED. Whitesell has until Thursday, August 26, 2021, to file an updated IFP application as specified in this order. Failure to timely comply with this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that plaintiff's motion to amend (ECF No. 4) is DENIED WITHOUT PREJUDICE. Plaintiff may refile his motion to amend, but he must attach a copy of his proposed amended complaint so that the Court can screen the amended complaint. Whitesell has until Friday, August 27, 2021, to refile his motion to amend and attach a copy of his proposed amended complaint for the Court to screen.

IT IS FURTHER ORDERED that Whitesell's motion to add a second mailing address (ECF No. 5) is GRANTED IN PART: The Clerk of Court is directed to mail a copy of this Order to both of plaintiff's addresses at the TDC and the Nye County Detention Center that he notes in his motion.

IT IS FURTHER ORDERED that Whitesell's motion for copies (ECF No. 6) is GRANTED IN PART: The Clerk of Court is directed to mail a copy of plaintiff's original proposed complaint at ECF No. 1-1 to both of plaintiff's addresses at the TDC and the Nye County Detention Center.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney,

or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 28th day of July 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE