1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

**\*\*\***

7

JOHN TONY WHITESELL,

Case No. 2:21-cv-01209-APG-VCF

8

Plaintiff,

9

vs.

**ORDER**

10

NYE COUNTY SHERIFF'S OFFICE, et al.,

11

Defendants.

MOTION FOR COPY OF AMENDED
COMPLAINT [ECF NO. 9]; APPLICATION TO
PROCEED *IN FORMA PAUPERIS* [EFC NO.
11]; MOTION TO AMEND/CORRECT
COMPLAINT [ECF NO. 12]

12
13
14

15

Pro se plaintiff John Tony Whitesell filed a motion for a copy of amended complaint (ECF No.

16

9); an application to proceed in forma pauperis (EFC No. 11); and motion to amend/correct complaint

17

(ECF No. 12). I grant Whitesell's motion for a copy of the amended complaint (ECF No. 9) and his new

18

in forma pauperis application (ECF No. 11). I also grant his motion to amend (ECF No. 12) in part. I

19

dismiss plaintiff's amended complaint (ECF No. 12-1) without prejudice.

20

**DISCUSSION**

21

Plaintiff's filings present two questions: (1) whether Whitesell may proceed in forma pauperis

22

under 28 U.S.C. § 1915(e) and (2) whether Whitesell's complaint states a plausible claim for relief.

23

**I.      Whether Whitesell May Proceed In Forma Pauperis**

24

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or

25

security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to

pay such fees or give security therefor."  If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. See 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. See 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. See 28 U.S.C. § 1915(b)(2).

Plaintiff has now filed his IFP application with his financial certificate from the Nevada Department of Prisons as required by the PLRA. (ECF No. 11). Plaintiff states that his average monthly deposits are about $16.00, and his current balance is $0.41. (*Id*. at 5). I grant plaintiff's application to proceed in forma pauperis.

## II.  Whether Whitesell's Complaint States a Plausible Claim

### a.  Legal Standard

Because the Court grants Whitesell's application to proceed *in forma pauperis*, it must review Whitesell's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a

2

complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; e.g., *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

"[W]hen a plaintiff files an amended complaint, '[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). An amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1(a). The failure to attach a complete proposed amended pleading is sufficient for the court to deny a party's motion to amend his claim. *United States v. 3 Parcels in La Plata County*, 919 F. Supp. 1449 (D. Nev.

1995). Local Rule 15-1(a) requires that the moving party, "attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading. An amended pleading shall include copies of all exhibits referred to it in such pleading."

To state a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986). A public defender does not act under color or law when performing a lawyer's traditional function as appointed counsel to a defendant. See *Georgia v. McCollum*, 505 U.S. 42, 53, 112 S. Ct. 2348, 120 L. Ed. 2d 33 (1992). The Supreme Court has held that a prisoner in custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005) The Wilkinson court found that a prisoner's "§ 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82 (emphasis in original).

I direct the clerk to send plaintiff a copy of his proposed amended complaint. (ECF No. 12-1). I grant plaintiff's motion to amend in part (ECF No. 12): I will now screens his operative complaint (the amended complaint at ECF No. 12-1). Plaintiff is currently incarcerated. (*Id.*) Plaintiff's complaint is styled as a class-action § 1983 complaint against the Nye County Sheriff's Office and Deputy Eric Anderson. (*Id.*) Plaintiff alleges that the defendants violated his Fourth, Eighth, and Fourteenth Amendment rights when he was unlawfully arrested and held in custody without probable cause or due process. (*Id.*)

Plaintiff does not have standing to bring a § 1983 claim to challenge the alleged unlawful events

4

that led to his current confinement. Plaintiff's claims challenge the validity of his confinement due to lack of due process and probable cause. Plaintiff may raise these allegations in a habeas corpus proceeding. This would require that Plaintiff file a habeas corpus petition and an *in forma pauperis* application in a new action, meaning he may not file the petition for habeas corpus in this action.

While a § 1983 claim cannot be used to vacate convictions, it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). However, the "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. Plaintiff gives no indication in his complaint that his conviction has been challenged or overturned by any court.

Whitesell fails to articulate a claim or claims against defendants. It is possible that these deficiencies may be cured through amendment. Whitesell's complaint is dismissed without prejudice. Whitesell must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief Whitesell seeks, and the law upon which he relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

I ORDER that Whitesell's motion for a copy of the amended complaint (ECF No. 9) is GRANTED.

I FURTHER ORDER that the Clerk of Court mail a copy of the amended complaint (ECF No. 12-1) to the plaintiff.

I FURTHER ORDER that Whitesell's application to proceed in forma pauperis (ECF No. 11) is GRANTED.

I FURTHER ORDER that the Clerk of Court shall file the amended complaint (ECF No. 12-1).

I FURTHER ORDER that plaintiff's amended complaint (ECF 12-1) is DISMISSED WITHOUT PREJUDICE.

I FURTHER ORDER that plaintiff has until Friday, October 8, 2021 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

I FURTHER ORDER that if the plaintiff files an amended complaint, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint.  I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

### **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 8th day of September 2021.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE