**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JOHN TONY WHITESELL,

                 Plaintiff,

vs.

NYE COUNTY SHERIFF'S OFFICE, *et al.*,

                 Defendants.

Case No. 2:21-cv-01209-APG-VCF

**Report and Recommendation for Dismissal**

       I previously granted incarcerated pro se plaintiff John Tony Whitesell's application to proceed in forma pauperis and dismissed his complaint without prejudice with leave to amend. ECF No. 15. I found that, "[p]laintiff does not have standing to bring a § 1983 claim to challenge the alleged unlawful events that led to his current confinement." *Id*. at 5. I also noted that, "[p]laintiff may raise these allegations in a habeas corpus proceeding." *Id*. I also noted that, "[w]hile a § 1983 claim cannot be used to vacate convictions, it can be used to 'recover damages for allegedly unconstitutional conviction.'" *Id*., citing to *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). I also noted that the "'plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Id*. citing to *Heck* at 486-487. Since the plaintiff did not give any indication that his conviction had been challenged or overturned by any court, and I gave him leave to amend. ECF No. 15 at 5.

       I gave plaintiff thirty days to file an amended complaint and warned that, "[f]ailure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation that the dismissed claims be dismissed with prejudice." *Id.*  Plaintiff did not file an

amended complaint or an objection to my order. For the reasons discussed in my order (ECF No. 3), plaintiff's case should be dismissed.

ACCORDINGLY,

I RECOMMEND that that this action be DISMISSED and Judgment entered.

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 5th day of May 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE